UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| PEDRO TRIANA SR. | * | CIVIL ACTION NO.: 5:22-cv-274 |
|     Plaintiff | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| HARTFORD ACCIDENT AND | * | |
| INDEMNITY COMPANY, WHEEL | * | |
| MART TEXAS, INC. AND MAGDIEL | * | MAGISTRATE JUDGE: |
| ORTIZ RAMIREZ | * | |
|     Defendants | * | |

***************************************************************************

## NOTICE OF REMOVAL

TO:   Clerk of Court
        United States District Court
        Western District of Louisiana
        Shreveport Division
        Tom Stagg United States Court House
        300 Fannin Street, Suite 1167
        Shreveport, Louisiana 71101

Defendants, Hartford Accident and Indemnity Company, Wheel Mart Texas, Inc. and Magdiel Ortiz Ramirez, by and through undersigned counsel, hereby gives notice of the removal of this action from the 1st Judicial District Court, Parish of Caddo, State of Louisiana, to the United States District Court for the Western District of Louisiana – Shreveport Division. In support of the Notice of Removal, Defendants state as follows:

The above-titled case was originally filed on December 15, 2021 in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, as docket number "634,257 B."[1]

---

[1] See Exhibit No.1 Petition for Damages.

1.

In the Petition for Damages, plaintiff, Pedro Triana, Sr., alleges that he suffered personal injuries and damages on January 6, 2021, when Magdiel Ortiz Ramirez was operating a 2018 Hino Box while in the course and scope of his employment with Wheel Mart Texas, Inc. and allowed his vehicle to strike the rear of the plaintiff's vehicle while traveling southbound on I-49 in Caddo Parish. Additionally, plaintiff alleges that the Magdiel Ortiz Ramirez was insured by Hartford Accident and Indemnity Company at the time of the collision. [2]

2.

A copy of the Petition for Damages was served on defendant, Wheel Mart Texas, Inc., on January 5, 2022 via Long Arm service of Citation.[3]

4.

A copy of the Petition for Damages was served on defendant, Hartford Accident and Indemnity Company, through the Louisiana Secretary of State, R. Kyle Ardoin, on January 11, 2022.[4]

5.

There is no return of service in the state court record indicating that Magdiel Ortiz Ramirez has been served with Citation. Mr. Ramirez is no longer employed with Wheel Mart Texas, Inc. In speaking to Mr. Ramirez by phone, he indicated he received a copy of the petition by mail on January 15, 2022.

---

[2] Id.
[3] See Exhibit No. 3, email from Wheel Mart Texas, Inc. to Hartford Claims notifying of receipt of Service copy of Citation with attached documents.
[4] See Exhibit No. 4, Service copy of Citation stamped served on R. Kyle Ardoin.

6.

The United States District Court for the Western District of Louisiana – Shreveport Division is the court embracing the venue wherein this action is pending in state court.

7.

With respect to Pedro Triana, Sr.'s alleged damages, the plaintiff specifically pleads that he has "… sustained serious injuries to his shoulder, knee, low back and neck, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future loss of earnings ..." Plaintiff also asserts that his damages exceed the minimum requirements for trial by jury.[5]

8.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332, 1441, and 1446.

## I. DIVERSITY OF CITIZENSHIP

9.

This action is properly removed to this Court pursuant to 28 U.S.C. 1332 and 1441, in that the plaintiff is of diverse citizenship from all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.

At the time of the filing of the Petition for Damages, plaintiff was a resident of and domiciled in the State of Arkansas.[6]

---

[5] See Exhibit "1" Petition for Damages at ¶'s VI and IX.
[6] See Exhibit "2", Police Report recording plaintiff's domicile address.

11.

At the time of the filing of the Petition for Damages, defendant, Hartford Accident and Indemnity Company, was a Connecticut corporation with its principal place of business in Hartford, Connecticut (Hartford County, CT).

12.

At the time of the filing of the Petition for Damages, defendant, Wheel Mart Texas, Inc., was a Texas corporation with its principle place of business at 4520 South Buckner Blvd., Dallas, TX (County of Dallas).

13.

At the time of the filing of the Petition for Damages, defendant, Magdiel Ortiz Ramirez, was a Texas resident whose domicile was 8136 Nelson Dr., Dallas, TX 75227 (County of Dallas).

## II. AMOUNT IN CONTROVERSY

14.

The Petition is silent as to the total amount in controversy.  Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864, 868 (5th Cir. 2002), cert denied, 538 U.S. 945 (2003).  The removing parties here, can meet this burden by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000.  Id.; see also St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1254-54 (5th Cir. 1998).

15.

Here, based on the Petition for Damages, it is apparent that the amount in controversy exceeds $75,000.

16.

Plaintiff has pled that he "… sustained serious injuries to his shoulder, knee, low back and neck, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future loss of earnings…"[7]

17.

The fact that plaintiff is seeking more than the minimum amount in controversy requirement for this court's jurisdiction is also apparent from the plaintiffs' petition which failed to allege she was seeking less than $75,000. While it is generally true under Louisiana law that a plaintiff may not allege a specific amount of damages, an important exception to that rule exists. The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, **the lack of jurisdiction of federal courts due to insufficiency of damages**, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. Code Civ. P. Art 893 A (1) (emphasis added). Thus, if the amount of plaintiffs' alleged damages were in fact less than $75,000, plaintiff was **required** by the Louisiana Code of Civil Procedure to allege that fact. Sweeney v. Petco, 2009 WL 4019755 (E.D. La. Nov. 19, 2009).

18.

Additionally, plaintiffs did not in fact allege the damages were less than $75,000. Based on plaintiffs' failure to allege that they were seeking less than $75,000, demonstrates plaintiffs' belief that the amount in controversy exceeds $75,000. See also George v. Dolgencorp. Inc., 2008 U.S. Dist. LEXIS 1563 at *1-2 (W.D. La. Jan. 9, 2008) (noting that the failure of plaintiff to allege

---

[7] See Exhibit "1" Petition for Damages at ¶'s VI and IX.

it was seeking less than $75,000 in Louisiana state court petition is "one piece of evidence for the Court to consider" in determining whether the amount in controversy requirement is met).

19.

Based on the petition for damages, it is apparent that the amount in controversy exceeds $75,000.

### III. REMOVAL IS TIMELY

20.

Suit was filed on December 15, 2021 and Defendants were served on the dates set forth above. Accordingly, this removal is in accordance with 28 U.S.C. § 1446(a) and/or 1146(b)(1) and/or 1446(b)(3).

21.

Defendant, EMC, asserts that this Honorable Court has original jurisdiction over the aforementioned lawsuit pursuant to 28 U.S.C. §1332, in that the plaintiff is diverse in citizenship from the defendants named in the Petition for Damages and the amount in controversy is in excess of $75,000.

22.

Defendant is entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441.

23.

Pursuant to 28 U.S.C. § 1446(d), plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 1st Judicial District Court, Parish of Caddo, State of Louisiana.

24.

Attached hereto is a copy of the Petition for Damages filed in the First Judicial District Court, Parish of Caddo, State of Louisiana, as well as all pleadings and documents filed in the record to date.[8]

25.

Consistent with the provisions of 28 U.S.C. §1446(d), no further proceedings shall be had in this matter in the 1st Judicial District Court, Parish of Caddo, State of Louisiana.

26.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies that he has read the forgoing Notice of Removal and that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose.

27.

By filing this Notice of Removal, defendants, do not waive and hereby reserve all defenses and objections to the Petition for Damages.

**WHEREFORE**, defendants, Hartford Accident and Indemnity Company, Wheel Mart Texas, Inc. and Magdiel Ortiz Ramirez, pray that the lawsuit entitled, *Pedro Triana, Sr. vs. Hartford Accident and Indemnity Company, Wheel Mart Texas, Inc. and Magdiel Ortiz Ramirez,,* now pending in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, and bearing docket number "634257 B" be removed to this, the United States District Court for the Western District of Louisiana – Shreveport Division, and for all just and equitable relief as allowed by law.

---

[8] See Exhibit No. 5, State Court Record.

Respectfully submitted,

**LAW OFFICES OF JULIE E. VAICIUS**
Employees of a Subsidiary of The Hartford
Financial Services Group, Inc.

/s/ Daniel R. Atkinson, Jr.
DANIEL R. ATKINSON, JR. (#18103)
3900 N. Causeway Blvd., Suite 1040
Metairie, Louisiana 70002
Telephone:  504-837-6687
Facsimile:   877-369-4892
daniel.atkinson@thehartford.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2022, a copy of the foregoing Notice of Removal of Civil Action was transmitted via electronic mail and mailed to all counsel.

/s/ Daniel R. Atkinson, Jr.
DANIEL R. ATKINSON, JR.